**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JAMELLE L. RUSSELL,

      Plaintiff,

v.

HENLY, et al.,

      Defendants.

Case No. 3:23-cv-00549-ART-CLB

**ORDER SETTING MANDATORY CASE MANAGEMENT CONFERENCE AND EXCHANGE OF INITIAL DISCLOSURES**

The Court has now screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and ordered the case to proceed. In order to ensure the just, speedy, and cost-effective resolution of this action, the court orders: (1) the parties to exchange initial disclosures, as described below; and (2) the parties attend a mandatory case management conference to be held on **Wednesday, April 23, 2025**, at **1:00 p.m.**, as describe more fully below.

Following the mandatory conference, the court will issue a full scheduling order, setting out additional dates related to discovery and the litigation. Aside from the initial disclosures required by this order, no other discovery may proceed until the court enters a full scheduling order following the mandatory scheduling conference.

I.      INITIAL DISCLOSURES

Notwithstanding Federal Rules of Civil Procedure 26(a)(1)(B), the court finds that initial disclosures would be helpful in managing this action under Federal Rule of Civil Procedure 16, taking into account the extent of prisoner litigation in this district, the desire

1

to manage those cases efficiently, the desire to secure the just, speedy, and inexpensive determination of this case, the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and the value of initial disclosure of information obtained through the administrative grievance process.[1] Accordingly, all parties are hereby ordered to provide initial disclosures with the following information:[2]

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

1.    The Parties may withhold confidential sensitive information regarding the identity or contact information of such individuals so long as they provide a method of identifying and contacting such individuals, such as through counsel.

B.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless

---

[1]    Rule 26, Advisory Committee Note, 2000 Amendments ("[T]he court can order exchange of similar information in managing the action under Rule 16."). Also note Rule 26, Advisory Committee Note, 1993 Amendment "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request."

[2]    These disclosures must be mailed to the other parties in the case, or their attorneys, if they are represented by counsel. These disclosures should not be filed with the court.

the use would be solely for impeachment.

1. In the context of Rule 26, "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

2. To the extent Defendant(s) intend to rely on an affirmative defense based on a failure to exhaust administrative remedies, Defendant(s) shall provide to Plaintiff all documents Defendants intend to use to support that defense.

## II.    MANDATORY CASE MANAGEMENT CONFERENCE

A mandatory case management conference will be held on **Wednesday, April 23, 2025**, at **1:00 p.m.** Lead defense counsel shall dial **1-855-244-8681** to be connected into the courtroom for this hearing. The **access code** is **2319 945 8106**. In addition, counsel for the defendant shall make the necessary arrangements for the Plaintiff's telephonic appearance and shall provide the Courtroom Deputy at lisa_mann@nvd.uscourts.gov with the telephone number at which the Plaintiff can be reached for this mandatory case management conference. The parties should be available for one hour, although the case management conference will likely take less time. The parties shall be prepared to informally discuss the following issues:

A.    A brief statement of the parties' claims and/or defenses;

B.    Confirmation that initial disclosures (described above) have been provided, and any justification for withholding any portion of that information;

C.    The location of potentially relevant documents;

D.      Any deficiency or problems in the other party's initial disclosures;

E.      Discovery each party intends to take, if any, in addition to the discovery ordered above;

F.      A timeline for the scheduling of discovery;

G.      Any options or methods for the streamlining discovery;

H.      Whether any party intends to challenge the issue of exhaustion;

I.      Whether any party intends to use expert witnesses; and,

J.      Any immediate or ongoing issues or requests for injunctive relief regarding current incarceration that could require the court's immediate attention.

## III.    CASE MANAGEMENT CONFERENCE STATEMENTS

At least one-week in advance of the case management conference, each party shall file a case management conference statement. The case management conference statement must address the issues listed above, as well as any other issues that the parties believe would assist in the scheduling of the case. The statement should include the date that initial disclosures were served and any deficiencies in either party's disclosures. The statement must not exceed five (5) pages in length and no exhibits or attachments should be included.

## IV.    SCHEDULING ORDER

Following the case management conference, the court will issue a Scheduling Order and Discovery Plan with the benefit of the input of the parties. Once issued, the

dates in the Scheduling Order and Discovery Plan shall be firm and no extension shall

be given without permission from the court based on good cause shown.

DATED: April 2, 2025

_____
CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE

5