UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMELLE RUSSELL,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>HENLEY, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00549-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 23) |

*Pro se* Plaintiff Jamelle Russell brings this action under 42 U.S.C. § 1983 against Northern Nevada Correctional Center ("NNCC") employees Justin Zysman, Jefferey Holz, and Bradley Bicksler for retaliation in violation of the First Amendment and use of excessive force in violation of the Eighth Amendment.

Before the Court is Defendants' motion to dismiss. (ECF No. 20.) United States Magistrate Judge Carla Baldwin issued a Report and Recommendation ("R&R") recommending denial of Defendants' motion. (ECF No. 23.) Defendants filed objections to that R&R. (ECF No. 28.) For the reasons identified below, the Court overrules Defendants' objections, adopts the R&R, and denies Defendants' motion to dismiss.

**I.    BACKGROUND**

This order concerns Plaintiff's claims that Defendants used excessive force and retaliated against him. (ECF No. 9.) Plaintiff alleges in Count III of his complaint that Defendants threw him to the ground while Plaintiff was using the bathroom because he submitted grievances against correctional officers for harassment and racial slurs. (ECF Nos. 8, 9.) Plaintiff filed a civil rights complaint in November 2023, alleging in Claim III, in relevant part:

> On 1/31/23 @ 1:30 pm I was using the restroom when c/o Holz, Zysman, + Bicksler opened my food slot + grabbed my curtain @ the same time I was grabbing it. I announced I was taking it down as they pulled it from me. Saying I got it again I pulled it back, only to have them snatch it harder. In

1

> where they threw me to the ground + banging my hands against the door + food slot. Injuring my left thumb, right wrist, right index finger. Along w/ re-injuring my left knee I just injured a few days before. When @ 10:30 am c/o's Holz, Zysman, + Bicksler slammed + jumped on I/m Remus while in cuffs after leaving him in the shower for 2 hours. w/ these actions they showed their intent to + execute excessive force, retaliate, cruel + unusual punishment, + deliberate indifference[.]

(ECF No. 9 at 7.) In screening the complaint, the Court construed these allegations as a First Amendment claim for retaliation and an Eighth Amendment claim for excessive force. (ECF No. 8.)

In March 2025, Defendants filed a motion to dismiss arguing that Defendants are entitled to qualified immunity. (ECF No. 20.) Judge Baldwin issued an R&R recommending denial of Defendants' motion. (ECF No. 23.) Defendants timely filed an objection, requesting that the Court grant the motion to dismiss. (ECF No. 28.)

## II.    DISCUSSION

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

In their motion to dismiss, Defendants argue that they are entitled to qualified immunity because Plaintiff's complaint fails to allege a constitutional violation or identify clearly established law prohibiting his alleged claims of retaliation and excessive force. Defendants raise two objections to Judge Baldwin's R&R, arguing: (1) it erred in construing the complaint; and (2) it erred in finding that clearly established law prohibited the alleged constitutional violations. (ECF No. 28.) The Court addresses each objection in turn.

**A. Plaintiff Plausibly Pled Claims for Retaliation and Excessive Force.**

Defendants argue Plaintiff's complaint fails to state a constitutional violation and Judge Baldwin erred in relying on the screening order's construction of claims. In particular, Defendants argue that Plaintiff failed to allege a retaliatory motive and absence of legitimate penological purpose for his retaliation claim and intent to harm for his excessive force claim.

A federal court must dismiss an incarcerated person's claim via a screening order if the action "fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

When adjudicating a motion to dismiss, courts "accept as true all well-pleaded allegations and construe them in the light most favorable to the non-moving party." *Hampton v. Cal.*, 83 F.4th 754, 761 (9th Cir. 2023) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As a preliminary matter, Judge Baldwin did not err in relying on the screening order. Though Defendants argue that there are inconsistencies between the complaint and the screening order, none of those differences are material. Because Plaintiff referred to his use of a "curtain" to shield the toilet in his cell, the screening order appropriately described it as a "privacy curtain." (ECF No. 8 at 4; ECF No. 9 at 7.) Defendants argue that by stating that Defendants "came into" Plaintiff's cell, the screening order erroneously implied that

1  Defendants entered the cell (as opposed to reached through the food slot) before
2  throwing Plaintiff to the ground. (ECF No. 9 at 6.) Plaintiff has since clarified in
3  his opposition to the motion to dismiss (ECF No. 22 at 2, 4) that Defendants did
4  not enter the cell. (ECF No. 22 at 4.) The R&R relied upon a construction of facts
5  from the screening order (ECF No. 8) that is materially consistent with what was
6  pleaded in the complaint (ECF No. 9).

### 1. Retaliation Claim

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The prisoner need not allege a total chilling of his First Amendment rights, only that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* at 568–69.

Plaintiff's complaint alleges that Defendants acted with a retaliatory motive and without a legitimate penological purpose. First, Plaintiff plausibly alleges that he engaged in protected conduct by filing grievances concerning the treatment of another inmate. (ECF No. 9 at 5.) Second, Plaintiff alleges that Defendants then took adverse action against him by grabbing his curtain and throwing him to the ground. (*Id.* at 9.) Third, Plaintiff alleges a chronology of events from which retaliation can be inferred. (*Id.*) In their motion to dismiss, Defendants argue that timing alone is not enough. However, "[b]ecause direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*,

668 F.3d at 1114; *see also Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Fourth, these actions would chill the speech of an inmate of ordinary firmness from filing future grievances.

A plaintiff may satisfy the fifth element, absence of legitimate penological purpose, by pleading "that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." *Watison*, 668 F.3d at 1114. Though Defendants argue that they needed a "clear view of the inside of Russell's cell to visually confirm his presence and wellbeing," Plaintiff alleges that Defendants used excessive force *after* they had pulled down Plaintiff's curtain. (ECF No. 20 at 8.) Plaintiff's complaint plausibly alleges that Defendants' actions were unnecessary to the maintenance of order in the institution.

Plaintiff has plausibly alleged the elements of a First Amendment retaliation claim.

**2. Excessive Force Claim**

Regarding the excessive force claim, Plaintiff pleads plausible facts that the force was applied "maliciously and sadistically for the purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Plaintiff pleads that he was on crutches, in a knee brace, and fighting three infections when he was thrown on the ground. (ECF No. 9 at 4, 6.) Defendants argue that there was a legitimate interest in keeping a count of the prisoners. Plaintiff alleges that Defendants' use of force was excessive for the circumstances because he communicated that he would remove the curtain (so he could be counted) before the officers threw him, an already injured inmate, to the ground and banged his hands against the food slot, injuring his knee, thumb, finger, and wrist. Plaintiff's allegations, if true, would allow a reasonable inference of "malicious[ness]" or "sad[ism]." *See Hudson*, 503 U.S. at 6-7; *see also Reid v. United States*, 825 Fed. Appx. 442, 445

(detailed descriptions of three instances in which officers used force against plaintiff sufficient to plausibly plead excessive force).

As the screening order correctly found, Plaintiff plausibly pled an impermissible motive in his excessive force claim. Plaintiff also plausibly pled retaliation. The Court therefore overrules Defendants' first objection.

**B. Plaintiff Alleged Violations of Clearly Established Rights.**

Defendants argue that Judge Baldwin's R&R relies on cases that are too general to support a finding that the rights allegedly violated here were clearly established. (ECF No. 28 at 11.)

At the motion to dismiss stage, "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (quoting *O'Brien*, 818 F.3d at 936). Qualified immunity must be denied if, "accepting all of Plaintiffs' allegations as true, Defendants' conduct '(1) violated a constitutional right that (2) was clearly established at the time of the violation.'" *Id.* (quoting *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022)). "Binding caselaw 'need not catalogue every way in which' prison conditions can be constitutionally inadequate 'for us to conclude that a reasonable official would understand that his actions violated' an inmate's rights." *Hampton*, 83 F.4th at 769 (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc)).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up, internal quotation marks omitted). Courts have "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Byrd v. Phx. Police Dept.*, 885 F.3d 639, 642 (9th Cir. 2018); *see also Tiedemann v. von Blancksee*, 72 F.4th 1001, 1007 (9th Cir. 2023).

Judge Baldwin's R&R cited several cases that would have put Defendants on clear notice that there is a right to file prison grievances and there is a right to be free from cruel and unusual punishment. (ECF No. 23 at 5–6.)

For the retaliation claim, Judge Baldwin pointed to *Rhodes v. Robinson*, a case which involved an inmate who filed a grievance against a prison official after his property was returned from a repair shop in a damaged condition. 408 F.3d at 563. The officer retaliated by confiscating other property, and after the inmate appealed, officials further retaliated by threatening to transfer the inmate to another facility, destroying his property, and subjecting him to a lengthy strip search. *Id.* at 564–65. The court reiterated its "firm recognition that the prohibition against retaliatory punishment is clearly established law in the Ninth Circuit, for qualified immunity purposes." *Id.* at 659 (quotation omitted). Taking Plaintiff's allegations as true, *Rhodes* would put any reasonable prison official on notice that physically harming a prisoner as retaliation for filing grievances would be unconstitutional.

Likewise, it is clearly established that an inmate has a constitutional right to be free from excessive force used maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 7. At this early stage, Plaintiff has sufficiently alleged that Defendants' actions constituted malicious and sadistic force without a good faith justification. *See Perez v. Cox*, 788 F. App'x 438, 444 (9th Cir. 2019).

Defendants fail to show—based on the motion to dismiss qualified immunity standard articulated in *Polanco* and *Hampton*—that the complaint requires dismissal based on qualified immunity. In *Hampton*, the court looked to whether the right was clearly established, not whether the plaintiff adequately identified the right cases, since the motion to dismiss on qualified immunity is based on the facts alleged in the complaint itself. *See* 83 F.4th at 769. Based on the facts alleged here, the rights implicated were clearly established at the time at the requisite level of specificity.

Defendants cite to two unpublished District of Nevada cases to support their argument that Defendants are entitled to qualified immunity. (ECF No. 28 at 8–9.) Both cases are distinguishable from this case. *Greene v. Dzurenda*, No. 2:23-CV-014-APG-NJK, 2025 WL 901807 (D. Nev. Mar. 24, 2025) was decided at the motion for summary judgment stage and in *White v. Oliver*, No. 2:23-CV-01121-APG-DJA, 2025 WL 928935 (D. Nev. Mar. 27, 2025) dismissal was appropriate because the plaintiff failed to respond to the defendant's motion to dismiss. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."); *see also Moore v. Ditech Fin., LLC,* No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd,* 710 F. App'x 312 (9th Cir. 2018) ("By failing to oppose, under our local rules [plaintiff] conceded to dismissal of this claim.")

Because the rights implicated in Plaintiff's complaint are clearly established, the Court overrules Defendants' second objection.

### III. CONCLUSION

It is therefore ordered that Defendants' objection to Judge Baldwin's Report and Recommendation (ECF No. 23) is overruled.

It is further ordered that Defendants' motion to dismiss (ECF No. 20) is denied.

DATED: July 11, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE